IRENE B. ROBUCK, ALSO KNOWN AS IRENE ROBUCK, PLAINTIFF AND APPELLANT, *v.* JESSE J. DENNIS, ALSO KNOWN AS J. J. DENNIS, AND DRUSILLA E. DENNIS, HIS WIFE ET AL., CROSS-DEFENDANTS, *v.* GEORGE L. BACKEN AND EVELYN BACKEN, HIS WIFE, DEFENDANTS AND CROSS-COMPLAINANTS AND RESPONDENTS.

No. 11168.
Submitted January 9, 1967. Decided March 21, 1967.
Petition for rehearing denied April 5, 1967.
425 P.2d 327.

248

Colgrove & Brown, Miles City, Robert E. Purcell, Jordan, Bruce M. Brown (argued), Miles City, for appellant.

Lucas & Jardine, Miles City, Charles W. Jardine (argued), Miles City, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment entered in a quiet title action tried by the court sitting without a jury. The district court made findings of fact and conclusions of law. The portion of the judgment which is relevant to this appeal held that the plaintiff was the constructive trustee for the defendant of the disputed land and that defendant was the owner of the disputed land.

The plaintiff-appellant is Mrs. Irene B. Robuck and she will be referred to by name. The defendants-respondents are George L. Backen and Evelyn Backen, husband and wife, and they will be referred to by name.

The judgment entered in this action established other interests in the disputed land. Both parties admit that the judgment is correct in regard to the interests of Garfield County and Mr. and Mrs. Alven R. Clark. Therefore, we limit our discussion to the controversy between Mrs. Robuck and Mr. Backen.

The issue presented by this appeal is whether the evidence introduced at the trial by the Backens is of the nature that is required to establish the constructive trust which was found by the district court.

The facts of the case are these. Mrs. Robuck was the record owner of the land on July 10, 1962, when she entered into a contract for the sale of the disputed land to Mr. and Mrs. Alven

R. Clark. In April, 1963, Mrs. Robuck sought to quiet title to the land, but Mr. Backen resisted the action by claiming to be the owner of the land by reason of a constructive trust that had been created between Lewis Thompson and Backen in 1943.

The district court concluded as a matter of law that "Lewis Thompson acquired and held title and possession of lands involved in this action as constructive trustee for defendant George L. Backen" and "That plaintiff acquired title to said lands subject to the constructive trust mentioned above and likewise held legal title as constructive trustee for defendant."

Mrs. Robuck and Backen are sister and brother. Mr. Lewis Thompson, who was also known as L. Thompson, was in no way physically or legally related to Mrs. Robuck or Backen, but he did raise them both as if they were his own children. He was referred to by both of them as "Dad."

The land which is in dispute is situated in Garfield County, Montana. Mrs. Robuck's exhibits reveal that Garfield County took the property for delinquent taxes in 1939. The land was conveyed to L. Thompson, agent, in 1943 by means of a commissioner's deed. This deed was recorded in 1945. L. Thompson, agent, conveyed the land to Irene Robuck by a warranty deed· dated December 10, 1951, wherein the parties are described as "L. Thompson, agent, also known as L. Thompson, a single man, party of the first part, and Irene Robuck, of Whitefish, Montana, *principal to the first party* the party of the second part." (Emphasis added.) This deed was recorded in 1959.

Mrs. Robuck's testimony confirmed the fact that Mr. Thompson was considered by her to be like a father. She stated that she read in the newspaper that the land was going to be sold for taxes and instructed Mr. Thompson in 1943 to buy it for her. Mr. Thompson used his own money to purchase the property. Mrs. Robuck testified that she paid all the taxes on the property from the time of its purchase in 1943. Prior to Thompson's death on May 11, 1961, Mrs. Robuck stated that

she sent the money for the taxes to Thompson, thereafter she paid the taxes directly herself. During the period between 1943 and 1961, Mrs. Robuck testified that she sent money to Thompson to enable him to make various repairs to the property.

Mr. Backen's exhibits showed that he was the record owner of the property in 1935. He testified that in 1935, when Thompson was 75 years of age, Thompson and he entered into an oral agreement by which Thompson was permitted to live on the property rent free provided he kept up the taxes. As previously noted, the taxes were not kept up, and Garfield County took the property. Backen attempted to raise the money to redeem the property, but he was unsuccessful.

Mr. Backen's testimony concerning the conversation took place after the purchase of the land by Thompson in 1943 is very critical to the entire case. The strongest testimony that Backen could give concerning the alleged constructive trust was that Thompson "didn't say he was my agent, I more or less assumed he was, due to the fact that agent was on the tax title deed."

As previously noted, Backen made no claim to the disputed land until Mrs. Robuck instituted this quiet title action. Backen's explanation of why he took no action to establish his claim to the property is difficult to understand, if not a little unbelievable.

Mr. Backen testified that he did not learn of the transfer of the land from Thompson to Mrs. Robuck until the day of Thompson's death in May, 1961. He stated that he consulted four different lawyers after Thompson's death and that each attorney advised him to do nothing until Mrs. Robuck brought some action. He identified one as Mr. Lemire of Miles City, now deceased, another as the county attorney in his home county, and two others in Lewistown whose names he could not remember. It is at this point that Backen's testimony becomes a little difficult to believe. It may have been that Backen misinterpreted the advice given to him by the various attorneys,

but we seriously doubt that he was advised to further delay his claim to the disputed property, especially in view of the nature of his claim.

The testimony of Backen's two other witnesses added little support to Backen's position.

Previous decisions of this court have established the nature of the evidence that must be presented in order to prove a constructive trust in cases such as the instant case.

In Lewis v. Bowman, 113 Mont. 68, 78, 121 P.2d 162, 167, we stated the rule as follows: "Where the legal title rests in one person, in order to establish a resulting trust for the benefit of another against the presumption in favor of the legal title, the evidence must be clear and convincing, especially when an attempt is made to establish a resulting trust after the lapse of many years, or where parol evidence alone is relied upon." And again in Barrett v. Zenisek, 132 Mont. 229, 238, 315 P.2d 1001, 1006, we stated that "in order to recover upon the theory of a resulting or constructive trust, the proof must be clear, satisfactory, convincing and practically free from doubt." (Citing the Lewis case, supra.)

Thus, when Mrs. Robuck established record title to the disputed land, the burden was cast upon Backen to prove his contention of a constructive trust with evidence clear, satisfactory, convincing and practically free from doubt.

Mr. Backen's evidence does not meet these requirements. Backen's claim is made some 20 years after the alleged constructive trust was created. Further, his claim is based primarily on a conversation he had with a man who was not able to confirm or deny the conversation since he was deceased. The strongest position that Backen was able to make out of this conversation with Thompson was that he "assumed" that Thompson was his agent.

A constructive trust cannot be established in this case on the mere assumption of one party to the alleged trust. The action of Thompson in deeding the property to Mrs. Robuck

in 1951 indicates that he did not feel obligated to hold the property for Mr. Backen. The purpose of allowing proof of a constructive trust is to prevent unjust enrichment and fraud, but, if we were to allow such weak evidence to establish a constructive trust, the purpose would be defeated.

We hold that Mrs. Robuck has established that she was the record owner of the land and that Mr. Backen has failed to establish the alleged constructive trust.

The district court erred in its findings of fact, conclusions of law, and judgment insofar as they deal with the constructive trust.

The judgment appealed from is reversed with instructions to enter new findings of fact, conclusions of law, and judgment not inconsistent with what has been stated in this opinion.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN CONWAY HARRISON concur.